Carman *v.* Smick.

---

ELIJAH CARMAN vs. PETER SMICK.

If the affidavit is endorsed on the appeal bond, and sworn to before the same justice who tried the cause, and on the same day on which the appeal bond was filed, and appeal demanded, this is evidence enough of the filing of the affidavit in due time for the Court of Common Pleas to sustain the appeal.

---

This was a certiorari to the Common Pleas of Hunterdon.

From the papers returned in this case, it appeared, that Peter Smick, on the first of October, 1831, obtained a verdict and judgment before one of the justices of the peace of the county of Hunterdon, against Elijah Carman. That on the 22d October, 1831, Carman, the defendant, filed with the justice an appeal bond in the usual form, bearing date on the 20th of that month. On the back of this bond was endorsed an affidavit of Carman, taken before the said justice on the same 22d October—" That *the appeal within mentioned, is not intended* for the purpose of delay, and that he verily believes, *that* he hath a just and legal defence *to make* upon the merits of the case "—in which affidavit the words, " *the appeal within mentioned, is not intended,*" were written on an erasure; the word " that," and the words, " to make " were interlined in a different hand writing from the body of the affidavit.

By the transcript it appeared that the justice had made the following entry in his docket: " October 22, the defendant demanded an appeal from the above judgment, and having produced a bond, executed according to law, I did accept the sa d appeal bond." But no mention is made of the filing of the affidavit, or granting the appeal, nor was there any endorsement of the time of filing the same, made by the justice, on the bond or affidavit.

By the copy of the proceedings in the common Pleas, it appeared, that when the appeal was called on in February term, 1833, " The counsel for the appellee moved, that the said appeal be dismissed, because interlineations and erasures appear upon the face of the affidavit sent up by the justice ; and because it does not appear by the transcript that the affidavit was filed with the justice when the appeal was demanded ; and thereupon the court ordered, that the said appeal be dismissed, with costs."

To reverse this order of the Common Pleas, dismissing the appeal, the certiorari was brought.

*Saxton* for the plaintiff in certiorari.

The Court of Common Pleas erred in dismissing the appeal; the reasons assigned, if true in fact, were insufficient in law, to justify its dismissal. The interlineations and erasures in the

affidavit, did not affect its validity. It was a matter of record, in which these defects were cured by the statute of jeofails, and stood on a footing entirely different from an appeal, or certiorari bond, which was a matter of contract. It was necessary, that the affidavit should be filed with the justice at the time the appeal bond was delivered, and the appeal demanded ; but not necessary, that this should appear by an entry on the docket. It was sufficiently manifest by its being endorsed on the back of the appeal bond, and sworn before the same justice, on the same day that the appeal bond was filed. *Halst. Dig.* 22, *art.* 19.

*W. Halsted,* contra.

The appeal bond is dated on the 20th, and the affidavit sworn to on the 22d, at different times. It is the affidavit that entitles the party to an appeal, and gives jurisdiction to the Common Pleas. Nothing which is necessary to give jurisdiction can be implied, it must appear on the record. The justice is bound to record all the proceedings had before him in the cause ; if the affidavit was filed before him at the time the appeal was demanded, he ought to have noticed it. But the transcript only says, an appeal was demanded ; it is silent as to the filing of the affidavit—this cannot be presumed. 4 *Halst. Rep.* 290. The case in *Halst. Dig.* 22, recognizes the principle, that it must appear that the affidavit was filed at the time of filing the bond and demanding the appeal ; as this does not appear on the record, the Common Pleas was right in dismissing the appeal.

HORNBLOWER, C. J. The only difficulty in this case is, as to the filing of the affidavit. This is not noticed in the justice's docket ; but by the papers sent up, it appears, an affidavit taken before the same justice, is endorsed on the back of the appeal bond, and sworn to on the 22d October, the same day the bond was filed and the appeal demanded. The presumption is, that the affidavit was made and filed with the justice at the time of the filing of the bond and demanding the appeal ; and we may consider it, as filed in due time. To reject the affidavit, we must presume a fraud committed by the justice, in antedating the affidavit, or suffering it to be endorsed on the bond after it was filed, and the appeal demanded. This is inadmissible. The presumption is, that the justice did right. The Court of Com-

mon Pleas, therefore, had evidence enough before them, of the filing of the affidavit in due time, to sustain the appeal; and they erred in dismissing it.

Ford, J.   I think so too.   It appears, the affidavit was endorsed on the bond; if it was improperly endorsed, the party alleging this, ought to prove it.

Cited in *Stagg* v. *Austin,* 3 *Harr.* 85.